IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

115-9-14486

| IN THE MATTER OF: | CASE NO **11-05769 BKT** |
|---|---|
| **MIGUEL A. RODRIGUEZ RODRIGUEZ**<br>**ERICA PEREZ RODRIGUEZ**<br>PETITIONER(S) | CHAPTER 13 |

**MOTION OBJECTING PLAN**

TO THE HONORABLE COURT:

COMES NOW movant **BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO (BBVA)**, represented by the undersigned attorneys and very respectfully states and prays:

1. On **July 6th, 2011**, Miguel A. Rodríguez Rodríguez & Erica Pérez Rodríguez,(herein after name "Petitioners"), filed the instant petition for relief.

2. BBVA is holder in due course of a duly recorded money purchase security agreement with security interest (contract number 9617731423) at the Motor Vehicles and Trailers Registry of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico, which encumbers a 2010, Dodge Ram automobile, engine number 1D7RB1CT5AS232568, registered in the name of **AGUSTINA RODRIGUEZ RODRIGUEZ**, and actually in possession of Petitioners herein. **(See exhibit "A")**.

3. Petitioners filed a plan on July 6th, 2011 by means of which they propose to pay to the Trustee the sum of $250.00 for the first fifty one (51) months and $650.00 for the last nine (9)

consecutive months, for a total base of $18,600.00. From said proceeds the Trustee shall disburse $2,874.00 for attorney's fees. The plan further states that they shall keep current the monthly installments to BBVA as they become due.

4. BBVA respectfully requests from this Honorable Court to enter an Order denying confirmation of the proposed plan based on the following grounds:

5. As of September 28th, 2011, **Mrs. Agustina Rodriguez Rodriguez** have an outstanding balance owed to BBVA in the total sum of $37,822.76 and arrears in the total sum of $848.85.

7. Clause number three (3) of the contract above described states in the Spanish language as follows:

> **"Cláusula #3. Uso de la Propiedad**
>
> EL COMPRADOR mantendrá el vehículo libre de toda clase de reclamaciones <u>y no transferirá interés en el vehículo a tercero sin el consentimiento por escrito, previo, del VENDEDOR O TENEDOR.</u>" (emphasis added)

8. As of September 28th, 2011, BBVA had not consented to any transfer of title on the vehicle above described from **Agustina Rodriguez Rodriguez** to the petitioners. As of said date, the Petitioners have not subscribed a money purchase security agreement with BBVA regarding the vehicle and loan above described.

9. **Agustina Rodriguez Rodriguez**, not petitioners hold title of the vehicle above described. **(See copy of Certificate of Title issued by the Motors Vehicle Bureau of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico, which is attached hereto and identified as Exhibit "B").**

10. Taking into consideration the facts above described, it is appearing party's contention that no contractual relationship exists between any of the Petitioners and BBVA. The sole contractual debtor to BBVA on the vehicle above described is **Agustina Rodriguez Rodriguez, who has defaulted the contract of reference by transferring possession of the aforementioned vehicle.**

11. Section 1322(b)(2) of the Bankruptcy Code [11 USC §1322(b)(2)] states as follows:

> "(b) Subject to subsections (a) and (c) of this Section, the plan may-
> (1)...
> (2) modify the rights of holders of secured claims, other that a claim secured only by a security interest in real property that is the debtor's principal residence, or of holder of unsecured claims, or leave unaffected the rights of holders of any class of claims;"

12. Although Section 1322(b)(2) permits a Chapter 13 debtor to alter the terms of the rights of a holder of a secured claim, Petitioners are not allowed under the Bankruptcy Code to alter the parties to a contract or another party's contract. See **Washington vs. General Motors Acceptance Corp. (In Re Washington)**, 137 B.R.748

(Bankr. E.D. Ark. 1992). (Debtor cannot use the Chapter 13 plan to create a contractual relationship with the car lender); **In Re Baker**, 125 B.R. 798, 21 BCD 1065 (CA9 BAP (OR.), 1991), ("Cure and default in §1322(b)(5) presuppose **a contractual relationship**"); **In Re O'Neal**, 142 B. R. 411 (Bankruptcy.D.OR.,1992); **In Re Hurt**, 136 B.R.859 (Bankruptcy. D. OR.,1992).

13. As we have stated above, pursuant to the terms of the proposed plan, Petitioners propose to **unilaterally alter the contractual relationship between BBVA and Agustina Rodriguez Rodriguez and to force a change of BBVA's contractual debtor** by means of the confirmation of the plan. Pursuant to Section 1327(a) of the Bankruptcy Code, 11 USC §1327(a), "[t]he provisions of a confirmed plan **bind** the debtor and each creditor [...]". Petitioners propose to become BBVA's contractual debtor without following the federal banking regulations for obtaining a loan but on account of the order of confirmation they seek by using this Honorable Court's authority under Section 1327(a), supra. Furthermore, Petitioners have engaged in the scheme against BBVA for the acquisition of the vehicle of reference. The Bankruptcy Code does not allow such conduct and this Honorable Court should not allow said sham.

**WHEREFORE**, it is respectfully requested from this Honorable Court to grant this Motion and to enter an Order denying confirmation of the proposed plan.

**I HEREBY CERTIFY:** On this same date I electronically filed the foregoing document with the clerk of the Court using the CM/ECF System which will sent notification of such filing to the following: Attorney for Debtor(s), **ROBERTO FIGUEROA CARRASQUILLO, ESQ.**, and to Chapter 13 Trustee, **ALEJANDRO OLIVERAS RIVERA, ESQ.**, and by ordinary mail to debtor(s) and to all creditors and parties in interest appearing in the attached Master Address List.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29 day of September, 2011.

s/ Angel M. Vázquez Bauzá
Angel M Vázquez Bauzá, Esq.
Bar Number: 203308
ENR & Associates
PO Box 191017
San Juan, PR 00917-1017
Tel. (787) 754-1313 Fax. 754-1354
e-mail: avazquez@enrassociates.com

115-9-14486(sfg)

# BBVA

1738 Calle Amarillo
Río Piedras, PR 00926

**CONTRATO DE VENTA AL POR MENOR A PLAZOS**
**(ACUERDO DE GRAVAMEN MOBILIARIO)**

( 01773 1423

**EL VENDEDOR:** CABRERA GRUPO AUTOMOTRIZ  CARR #2 KM. 82.2 ARECIBO, PR 00613

NOMBRE COMPLETO — Dirección Completa del Negocio — Zip Code

Vende y hace la siguiente divulgación requerida por Ley Federal y el(los)

**COMPRADOR(ES):** AGUSTINA RODRIGUEZ RODRIGUEZ

NOMBRE COMPLETO

CALLE 10 #Q18 REINA DE LOS ANGELES   GURA   3845571

Dirección Residencial (donde se enviarán todas las Notificaciones)

NOMBRE COMPLETO

Dirección Residencial (donde se enviarán todas las Notificaciones) — Zip Code

Compra(n) y grava(n) la siguiente mercancía denominada "Vehículo" o "Propiedad"

conforme a todos los términos y condiciones mencionados a continuación y al dorso de este Contrato. Para garantizar y asegurar el pago y cumplimiento total y a tiempo de todas las obligaciones contraídas por el COMPRADOR bajo este contrato y cualquier otro acuerdo futuro entre el COMPRADOR y el VENDEDOR, el COMPRADOR (incluye todos los compradores solidaria y mancomunadamente de ser más de uno) por valor recibido por este medio: (i) constituye a favor del VENDEDOR un gravamen mobiliario sobre el Vehículo (incluye todas las mejoras, accesorios, bienes o equipo incorporados o adheridos al Vehículo ("Mejoras")) y sobre cualquier otro bien o producto recibido por concepto de cualquier venta, cambio o disposición del Vehículo (incluyendo todo y cualquier pago bajo pólizas de seguro) ("Productos"); y sobre toda póliza de seguro y contrato de servicio para los cuales se incluya un cargo en este contrato ("Póliza de Seguro" y "Contrato de Servicio", según apliquen); y (ii) cede y traspasa a favor del VENDEDOR, hasta el monto del total insoluto bajo este contrato, toda cantidad que sea reembolsada por concepto de primas respecto a Pólizas de Seguros ("Reembolso de Primas de Seguro") así como por concepto de honorarios y otros pagos respecto a Contratos de Servicio ("Reembolso de Honorarios y Pagos"), y a ese efecto establecidos así como todo derecho e interés que aquí le es cedido y traspasado sobre todo y cualquier Reembolso de Primas de Seguro y sobre Reembolso de Honorarios y Pagos, hasta que EL COMPRADOR haya pagado y satisfecho todas sus obligaciones bajo este contrato. El Vehículo gravado es el siguiente:

| Año | Nuevo o Usado | Marca y Modelo | N°.Cilindros | Núm. de Identificación del Vehículo | Uso Principal |
|---|---|---|---|---|---|
| 10 | NUEVO | DODG  RAM | 8 | 1D7RB1CT5AS232568 | Personal [X]  Negocio [ ] |

- [ ] Transmisión Manual Opcional
- [ ] Ventanas Eléctricas
- [ ] Guía Eléctrico Hidráulico (Power Steering)
- [ ] Stereo
- [X] 2 Puertas
- [Y] Radio
- [ ] Aire Acondicionado
- [X] Otro - Describa
- [ ] 4 Puertas
- [ ] Frenos de Fuerza (Power Brakes)
- [XX] Transmisión Automática
- [X] Asientos Control Eléctrico

## TÉRMINOS DEL CONTRATO

EL VENDEDOR tiene intención de ceder este contrato al BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO ("BBVA"). Si este contrato es cedido al BBVA puede que sea considerado como un acreedor bajo este contrato para propósitos del "Truth-In-Lending Act". En caso de que este contrato sea cedido el término "VENDEDOR" en lo sucesivo incluirá al Cesionario "BBVA" y cualquier cesionario de éste y así cedido, el Cesionario tendrá todos los derechos, poderes y prerrogativas del VENDEDOR bajo el mismo. Este contrato comprende el contrato entero entre las partes.

1. PAGOS: EL COMPRADOR se compromete a pagar al VENDEDOR o cesionario ( el "Vendedor").todos los pagos establecidos en este contrato. Además:

A. Por cada plazo que esté en morosidad por un período mayor de quince (15) días, el COMPRADOR pagará cinco porciento (5%) del plazo así vencido. Disponiéndose que toda cantidad de plazos impagada a la fecha de vencimiento continuará acumulando intereses hasta su pago total. EL COMPRADOR pagará al VENDEDOR inmediatamente toda cantidad de intereses así acumulada.

B. En caso de que el Contrato sea referido a abogado para acción de reposesión de bienes muebles o para su cobro por vía judicial, el COMPRADOR pagará cincuenta dólares ($50.00) o el cinco porciento (5%) del balance de la deuda, lo que sea mayor, en concepto de honorarios de abogado. Si mediare una estipulación, el COMPRADOR pagará por dichos honorarios cincuenta dólares ($50.00) o el cinco porciento (5%) de las mensualidades vencidas y cobradas, lo que sea mayor.

C. Por cada cheque recibido en pago de cualquier cantidad y que sea devuelto el Comprador pagará un cargo de $10.00.

D. EL COMPRADOR pagará los derechos de constitución, cesión y cancelación del gravamen mobiliario objeto de este Contrato y derechos requeridos por las agencias gubernamentales correspondientes.

E. Las Costas y gastos incurridos de instarse una acción judicial en relación con este contrato, incluyendo, pero no limitado a, sellos de rentas internas, fianza judicial, costos de investigación y diligenciamiento, grúa, seguro, almacenamiento, posesión y conservación del Vehículo.

F. EL COMPRADOR podrá hacer abonos a principal y saldos por adelantado. No se cobrarán intereses sobre la porción del principal pagado por adelantado.

G. Todos los pagos requeridos por este contrato se harán o remitirán a la oficina principal del Departamento de Financiamiento de Automóviles de BBVA, localizada en la Calle Amarillo Núm. 1738, Río Piedras, Puerto Rico, 00926, o en cualquiera de sus sucursales localizadas en Puerto Rico.

2. EL COMPRADOR certifica que es mayor de edad y goza de la capacidad legal necesaria para otorgar de este contrato.

3. USO DE LA PROPIEDAD: EL COMPRADOR mantendrá el Vehículo libre de toda clase de reclamaciones y gravámenes y no cederá ni transferirá su interés en este Contrato, o en el Vehículo, ni sus derechos asociados a Pólizas de Seguros o Contratos de Servicio para los cuales se incluya algún cargo en este contrato, incluyendo su derecho a Reembolsos de Primas o a Reembolsos de Honorarios y Pagos, ni traspasará la posesión del Vehículo, excepto con el consentimiento escrito del VENDEDOR o Cesionario. La venta, traspaso o cesión del interés del COMPRADOR en el Vehículo en la propiedad gravada o el presente Contrato no liberará al COMPRADOR de sus obligaciones bajo el mismo. La venta, traspaso o cesión del interés del COMPRADOR en el Vehículo o de sus obligaciones bajo el mismo, excepto si el COMPRADOR obtiene del VENDEDOR su consentimiento escrito a la sustitución del deudor. La transferencia del Vehículo o de la propiedad aquí gravada sin el previo consentimiento escrito del VENDEDOR no transferirá derecho alguno a favor del tercero. El COMPRADOR se obliga a conservar el Vehículo en perfectas condiciones, con excepción del desgaste normal por uso y a cumplir con todas las leyes, reglamentos u órdenes de cuerpos gubernamentales aplicables. EL COMPRADOR pagará puntualmente todas las contribuciones, derechos de licencia, y cualquier otra obligación o penalidad impuesta por cualquier entidad gubernamental en relación con el Vehículo. EL COMPRADOR no usará el Vehículo ilegal ni impropiamente, no lo alquilará ( a menos que así se consigne en este contrato) y no lo removerá de la jurisdicción del Estado Libre Asociado de Puerto Rico. EL VENDEDOR podrá a su opción, pagar cualquier cantidad a los fines de obtener la liberación del Vehículo de cualquier obligación y cualquier cantidad que fuere pagada a esos efectos por el VENDEDOR será reembolsada al VENDEDOR por el COMPRADOR inmediatamente que le fuese requerido para ello con intereses al tipo contractual legal más alto. No hay garantía implícita de que el Vehículo sea propio a un fin particular ("implied warranty of merchantability") ni garantía implícita de comerciabilidad ("implied warranty of fitness for a particular purpose"), ni ninguna garantía expresa o implícita que se extienda más allá de la descripción del Vehículo en la faz de este contrato, excepto las requeridas por el Código Civil de Puerto Rico y el Reglamento de Garantías en la venta de vehículos de motor, promulgado por el Departamento de Asuntos del Consumidor del Estado Libre Asociado de Puerto Rico.

4. INCUMPLIMIENTO: El tiempo es un factor esencial en este contrato. EL VENDEDOR

podrá acelerar el vencimiento de todo o parte del balance adeudado bajo este contrato y exigir el pago total de esa suma que será, al igual que todas las obligaciones del COMPRADOR bajo este contrato, líquida y exigible desde ese momento sin más notificación al COMPRADOR ni a ninguna persona, sin protesto, presentación, demanda ni aviso, a todos los cuales se renuncia, en cualquiera de las siguientes circunstancias: (1) Cuando el COMPRADOR falte en el pago de tres plazos consecutivos; (2) cuando el COMPRADOR falte en el pago de uno o más plazos vencidos, si en dos o más ocasiones anteriores había dejado de pagar dos o más plazos consecutivos y en dichas ocasiones se había rehabilitado totalmente en el pago de los plazos vencidos; (3) cuando el COMPRADOR habiendo dejado de pagar uno o más plazos consecutivos, presente un pago parcial de la suma vencida y después de efectuar ese pago parcial continúe pagando los plazos futuros a su vencimiento, pero siga en mora con respecto al remanente de la suma vencida durante tres plazos consecutivos posteriores a la fecha en que efectuó el

**VEASE AL DORSO PARA EL RESTO DEL CONTRATO**

### DETALLES DEL BALANCE DE PRINCIPAL Y CANTIDAD FINANCIADA

| | PRECIO DE VENTA AL CONTADO | 35,995.00 |
|---|---|---|
| 1 | Precio de Venta Accesorios | |
| | Otros | 1,064.65 |
| 2 | P R O N T O   P A G O | Pronto Pago en efectivo $ _____ (a) |
| | | Vehículo tomado a cuenta ( Trade- In ) |
| | | Descripción: Marca-Año-Modelo |
| | | Valor bruto acordado del vehículo $ _____ |
| | | Menos la cantidad adeudada de $ _____ |
| | | Valor Neto acordado del |
| | | Vehículo tomando en cuenta . $ _____ (b) |
| | | Bono ( Rebate )  $ 3,000.00 (c) |
| | | PRONTO PAGO TOTAL ( suma partidas a, b y c ) $3,000.00 |
| 3 | BALANCE ADEUDADO DEL PRECIO DE CONTADO | $4,059.65 |
| 4 | C A R G O S   D E S P O S   P O R | CANTIDADES PAGADAS A OTROS POR CUENTA SUYA |
| | | Licencia Seguro Obligatorio y ACAA. $ 10.00 (d) |
| | | Título / Traspaso $ _____ (e) |
| | | Declaración de Financiamiento, Cesión o Traspaso de Gravamen mobiliario Terminó 461 60y 28 del 17 de agosto de 1995 ) $ _____ (g) |
| | | Inscripción / Sellos $ 10.00 (f) |
| | | CARGOS POR DERECHOS ( suma partidas d, e, f y g )   Total $ 205.50 |
| 5 | SEGUROS / CONTRATOS DE SERVICIOS ( Véase divulgaciones adicional anejada) | $ 5,837.00 |
| 6 | BALANCE PRINCIPAL Y CANTIDAD FINANCIADA ( suma de partidas 3, 4 y 5 ) | $40,102.15 |

### DIVULGACION REQUERIDA POR LEY FEDERAL CONOCIDA COMO "TRUTH IN LENDING ACT" Y EL "REGLAMENTO Z"

| TASA DE PORCENTAJE ANUAL | CARGOS DE FINANCIAMIENTO | BALANCE DE PRINCIPAL Y CANTIDAD FINANCIADA | TOTAL A PAGARSE |
|---|---|---|---|
| 9.95% | $18,247.27 | $40,102.15 | |

| | | | |
|---|---|---|---|
| | | $3,000.00 | $6,349.42 |
| $3,849.42 | | | |

### PROGRAMA DE PAGOS

| Número de Pagos | Cantidad de Pagos | Fecha del Primer Pago | |
|---|---|---|---|
| | $942.67 | 12/16/2010 | |
| | $729 | | 01/10/2011 |

AVISO AL COMPRADOR: NO FIRME ESTE CONTRATO SIN LEERLO O SI EL MISMO CONTIENE ESPACIOS EN BLANCO. USTED TIENE DERECHO A UNA COPIA DE ESTE CONTRATO. BAJO LA LEY ACTUAL USTED TIENE DERECHO A SALDAR POR ANTICIPADO EL BALANCE ADEUDADO BAJO EL CONTRATO. EN ESTOS CASOS SE CANCELARA EL PRINCIPAL ADEUDADO A LA FECHA DE PAGO MAS CUALQUIER BALANCE PARA CUBRIR CARGOS O INTERESES DEVENGADOS A ESA FECHA.

CERTIFICO HABER RECIBIDO COPIA LLENA DE ESTE CONTRATO DE VENTA AL POR MENOR A PLAZOS Y QUE HE LEIDO AMBOS LADOS DE ESTE DOCUMENTO Y SUS ANEJOS.

AVISO AL DEUDOR: USTED ESTÁ ADVERTIDO QUE EL ACREEDOR GARANTIZADO/VENDEDOR TENDRÁ DERECHO A LA POSESIÓN DE LA PROPIEDAD GRAVADA LUEGO DE UN EVENTO DE INCUMPLIMIENTO, SIN INCOAR PROCEDIMIENTO JUDICIAL.

CONTRATO DE VENTA 2010 MENOR A PLAZOS

Suscrito hoy _____ de _____ de _____

en ARECIBO _____, Puerto Rico.

X _Agustina Rodríguez_
Firma del Comprador(es)

X _[firma]_
Firma del Vendedor

**CABRERA**

VEASE AL DORSO [ilegible] DE CONTRATO

147AUT0472(Rev.06-04)

AN ENGLISH TRANSLATION OF THIS CONTRACT IS AVAILABLE AT YOUR REQUEST.

**PRIMER ORIGINAL**

TERMINOS DEL CONTRATO (continuación)

pago parcial (en todo caso, la aceptación por el VENDEDOR de cualquier plazo o cantidad vencida no conllevará la condonación del resto del plazo ni de la deuda; además, el VENDEDOR podrá negarse a recibir el importe de plazos vencidos cuando el COMPRADOR haya iniciado una reclamación judicial); 4) si el COMPRADOR dejare de cumplir cualesquiera de los términos y condiciones de este contrato incluyendo, sin limitación, si dejare de obtener y mantener el seguro aquí requerido o si el mismo es cancelado por culpa o negligencia del COMPRADOR; o (5) si se instituyere por el COMPRADOR o por otro contra el COMPRADOR un procedimiento de quiebra, sindicatura o insolvencia o que resulte en el nombramiento de un depositario de sus bienes; o (6) si el VENDEDOR recibiere información de que el Vehículo o la propiedad gravada esté siendo utilizada o esté en peligro de ser utilizada en actos delictivos que puedan acarrear la confiscación del Vehículo o de la propiedad, o (7) si el Vehículo es embargado o asegurando o ejecución de sentencia por terceras personas o si se dictara en contra del Vehículo cualquier orden o providencia judicial o administrativa en cualquier procedimiento y dicha sentencia, orden o providencia no es dejada sin efecto dentro de treinta (30) días de haber sido impuesta,(8) si cualquier representación, información provista o garantía hecha por el COMPRADOR en este contrato es incorrecta o el gravamen mobiliario aquí constituido no puede perfeccionarse, es anulado o resultara defectuoso por causas atribuibles al COMPRADOR; (9) Si el Vehículo sufriere daños o desperfectos que redujesen su valor sustancialmente en relación con su precio original;(10) si el Vehículo es traspasado o vendido sin el previo consentimiento escrito del VENDEDOR. En caso de incumplimiento por el COMPRADOR con cualquiera de los términos y condiciones de este contrato, el VENDEDOR tendrá todos los derechos y remedios a su favor bajo la Ley de Transacciones Comerciales (Ley Núm. 208 del 17 de agosto de 1995, según enmendada) y cualquiera otra ley aplicable, incluyendo el derecho a la reposesión y disposición de la propiedad gravada sin incoar un procedimiento judicial y a cancelar y dar por terminada toda y cualquier Póliza de Seguro o Contrato de Servicio para los cuales se incluya algún cargo en este contrato y en tal caso el COMPRADOR autoriza a toda aseguradora, proveedor de servicios o ambos a pagar directamente al VENDEDOR toda cantidad correspondiente a tales reembolsos. El VENDEDOR podrá reposeer la propiedad y si el COMPRADOR no la hubiere redimido de acuerdo con la ley, el VENDEDOR podrá vender o disponer de la misma a través de cualquier procedimiento a tenor con la ley. El producto de dicha venta así como todo reembolso de primas de seguro y reembolsos de Honorarios y pagos menos, las deducciones permitidas, incluyendo el reembolso de los gastos incurridos por el VENDEDOR por motivo de la reposesión y venta del Vehículo, será aplicado al pago de las obligaciones del COMPRADOR bajo este Contrato. El sobrante, si alguno, será pagado al COMPRADOR a menos que por ley se disponga otra cosa. Además, en caso del VENDEDOR tomar posesión del Vehículo bajo cualquier procedimiento permitido por ley, las partes acuerdan que: (i) el COMPRADOR reembolsará al VENDEDOR todos los gastos incurridos por el VENDEDOR para obtener el recobro, posesión, tenencia y preparación del Vehículo para su disposición; y (ii) el VENDEDOR no será responsable de daño o menoscabo que pueda sufrir el Vehículo o cualesquier de sus componentes, equipo o accesorios en relación con las gestiones del VENDEDOR al tomar posesión el Vehículo, o por la posible desaparición de o daño que sufra propiedad u objetos localizados dentro del Vehículo. Los derechos y remedios del VENDEDOR bajo este contrato son adicionales a cualesquiera otros derechos concedidos por la ley y podrán hacerse efectivos sucesiva o concurrentemente. En caso de incumplimiento, el COMPRADOR, a requerimiento del VENDEDOR, pondrá el Vehículo a disposición del VENDEDOR en un lugar que éste designe. Después de la reposesión, el COMPRADOR firmará todos los documentos necesarios para ceder la titularidad del Vehículo al VENDEDOR o un tercero que éste designe. El COMPRADOR será responsable al VENDEDOR de toda deficiencia que pueda surgir en relación con sus obligaciones bajo este contrato, una vez el VENDEDOR haya dispuesto del Vehículo y deducidos los gastos razonables y gastos legales incurridos en el cobro de la deuda garantizada. Cualquier embargo dentro de una acción de cobro de dinero o venta del Vehículo que resulte de una acción judicial en cobro de dinero no descargará ni liberará al COMPRADOR de sus obligaciones bajo este contrato hasta tanto haya pagado el total de las cantidades acordadas en el mismo. Cualquier cesionario de este contrato tendrá derecho a compensar ("set-off"), con o sin aviso al COMPRADOR, cualquier deuda que surja de este contrato mediante la aplicación al pago de tal deuda de cualquier cantidad de dinero del COMPRADOR que esté o en el futuro pueda estar en posesión de dicho cesionario. El VENDEDOR podrá, durante horas razonables, inspeccionar físicamente el Vehículo dondequiera que el mismo se encuentre.

6. RIESGOS POR PERDIDA — SEGUROS. El Vehículo estará bajo el riesgo del COMPRADOR y éste obtendrá y mantendrá, a su cuenta, durante todo el tiempo en que cualquier cantidad esté pendiente de pago bajo este contrato, un seguro protegiendo por lo menos el interés del VENDEDOR contra pérdida, daño o destrucción de o al Vehículo en la forma y cantidades que el VENDEDOR le requiera. Queda a opción del comprador adquirir cubiertas adicionales u otros seguros. La inclusión de un cargo por seguro en este contrato no relevará al COMPRADOR de tal obligación, sino que solamente autoriza al VENDEDOR a tratar de obtener los seguros requeridos a nombre del COMPRADOR a través de un agente de seguros autorizado; disponiéndose que si el VENDEDOR no pudiere obtener los seguros requeridos bajo los términos indicados por las cantidades aquí indicadas y por el tiempo requerido, el VENDEDOR podrá: (i) obtener tal seguro por aquel período de tiempo, por aquel agente de seguros a quien el VENDEDOR lo solicite puede proveer por dicha cantidad, a (ii) acreditar dicha cantidad a los últimos plazos que se venzan bajo este contrato en orden inverso al de su vencimiento o como de otro modo se disponga por ley. En caso de que el COMPRADOR dejare de presentar evidencia satisfactoria de dicho seguro al ser requerido para ello, el VENDEDOR podrá obtener dicho seguro; pero no vendrá obligado a hacerlo y. Los derechos del VENDEDOR bajo este contrato no serán perjudicados si lo hiciera y dicho seguro protegería a discreción del VENDEDOR (i) bien los intereses del COMPRADOR y del VENDEDOR, o (ii) bien el interés del VENDEDOR solamente. En tal caso, el COMPRADOR se obliga a pagar, además de sus obligaciones bajo este contrato, una cantidad igual al importe de la prima de tal seguro obtenido por el VENDEDOR, inmediatamente que fuere requerido para ello, conjuntamente con los intereses sobre dicha cantidad al tipo contractual más alto que se permita por ley. EL COMPRADOR, por la presente cede al VENDEDOR cualesquiera sumas de dinero, hasta el monto del balance insoluto bajo este contrato, que pudieran ser pagaderas bajo cualquier seguro, quienquiera que la obtenga, y expresamente solicita y autoriza a cualquier compañía de seguros a hacer el pago de dichas sumas de dinero directamente al VENDEDOR para ser aplicadas al balance insoluto bajo este contrato; y a tal efecto el COMPRADOR designa al VENDEDOR como su apoderado para endosar en nombre del COMPRADOR cualquier giro o cheque que represente pagos al COMPRADOR de tales sumas de dinero incluyendo cheques por concepto de primas no devengadas en caso de saldo anticipado de la deuda cuando el COMPRADOR adeude algún pago al momento de saldar la deuda, y el COMPRADOR autoriza al VENDEDOR a cancelar dichas pólizas, transigir cualquier reclamación relacionada con las mismas. El importe de dicho seguro, quienquiera que lo obtenga, se dedicará a reponer el Vehículo o al pago de la obligación bajo este contrato a discreción exclusiva del VENDEDOR. Si el COMPRADOR obtiene una póliza de interés doble, éste será responsable al VENDEDOR por cualquier balance adeudado bajo este contrato que no fuere cubierto por la póliza. (Véase Divulgación Adicional sobre Seguros y Contratos de Servicio).

9. SEGURO DE VIDA Y CONTRATOS DE SERVICIO: Véase Divulgación Adicional sobre Seguros y Contratos de Servicio.

7. GENERAL: Ningún traspaso, renovación, prórroga, o cesión de este Contrato o de cualquier interés bajo el mismo, y ninguna pérdida, daño o destrucción del Vehículo relevará al COMPRADOR de sus obligaciones bajo este Contrato, excepto si la totalidad de la pérdida, daño o destrucción fuera cubierta por la póliza de seguro incluida en este contrato. EL COMPRADOR no podrá dar el Vehículo objeto de este Contrato en prenda, hipoteca o en garantía de obligación alguna, removerlo de Puerto Rico, guardarlo usualmente en una dirección distinta de la que se indica como la del COMPRADOR en este Contrato, excepto con el consentimiento escrito del VENDEDOR. La omisión o demora por parte del VENDEDOR en hacer uso de cualquier derecho que pueda tener bajo este Contrato no constituirá una renuncia de tal derecho. Si este contrato fuere firmado por más de un COMPRADOR, la obligación de éstos será solidaria (in solidum) y toda referencia al COMPRADOR incluye a todos los compradores. Todos los derechos, privilegios, acciones y obligaciones de las partes bajo este Contrato se considerarán igualmente extensivos a sus herederos, administradores, albaceas o cesionarios. EL VENDEDOR y en este caso, y solamente aquí, se entenderá que la palabra "VENDEDOR" no incluye al cesionario del VENDEDOR, se compromete a inscribir el título del Vehículo a nombre del COMPRADOR en la División de Vehículos de Motor del Departamento de Transportación y Obras Públicas, y el COMPRADOR acepta que el VENDEDOR, o su Cesionario,retenga la licencia que se expida a su nombre por el tiempo que sea necesario para inscribir éste Contrato en dicha División de Vehículos de Motor y retenga, además, el Certificado de Título hasta tanto el COMPRADOR haya satisfecho todas sus obligaciones bajo este contrato. Este contrato constituye el convenio total entre el COMPRADOR y el VENDEDOR y ninguna modificación de ninguno de los términos y condiciones del mismo será válida a menos que conste por escrito firmado por las partes y el COMPRADOR expresamente renuncia al derecho de descansar en ellas, a menos que hayan sido debidamente otorgadas por escrito por el VENDEDOR. Cualquier prórroga o tolerancia no afectará los términos y condiciones del Contrato ni relevará al COMPRADOR, de sus obligaciones bajo el mismo. Cualquier disposición de este Contrato declarada nula, inválida o prohibida por la ley será ineficaz hasta donde se extienda tal prohibición sin invalidar las otras disposiciones de este contrato. A requerimiento del VENDEDOR, el COMPRADOR llevará a cabo aquellos actos y suscribirá aquellos documentos que el VENDEDOR estime necesarios o convenientes para proteger, mantener, perfeccionar y poner en vigor el gravamen mobiliario del VENDEDOR sobre el Vehículo y cualquier otro derecho del VENDEDOR bajo este Contrato. Una fotocopia del presente contrato o de la Declaración de Financiamiento será suficiente para ser utilizada como una declaración de financiamiento bajo la Ley de Transacciones Comerciales, según enmendada.

8. INTERPRETACION: La validez y ejecutabilidad de este contrato se interpretará y regirá bajo las leyes del Estado Libre Asociado de Puerto Rico. El COMPRADOR se somete a la jurisdicción y competencia del Tribunal General de Justicia del Estado Libre Asociado de Puerto Rico, sala de San Juan. Cualquier término que no se haya definido en este contrato tendrá la definición designada en la Ley 208 del 17 de agosto de 1995, según enmendada.

AVISO AL COMPRADOR

1. Si los términos de financiamiento expuestos en este acuerdo con el VENDEDOR no fueren correctos en todos sus extremos; o
2. Si la propiedad descrita en este acuerdo no le hubiere sido entregada a usted por el VENDEDOR o no estuviese en la actualidad en su poder; o
3. Si el VENDEDOR no hubiere cumplido todas sus obligaciones para con usted, el COMPRADOR usted deberá notificarlo al cesionario de este acuerdo por escrito, mediante correo certificado con acuse de recibo, a la dirección indicada en este acuerdo, dentro de los veinte (20) días siguientes a la fecha en que tenga conocimiento de algún hecho que pueda dar lugar a una causa de acción o defensa que surja de la venta y pudiera usted tener en contra del VENDEDOR. Copia de cualquier notificación al Cesionario deberá ser referida a BBVA al: Departamento de Financiamiento de Automóviles, 1738 Calle Amarillo, Rio Piedras, P.R. 00926

GARANTIA SOLIDARIA

En consideración al otorgamiento de este Contrato por el VENDEDOR, el suscribiente por la presente garantiza solidariamente al VENDEDOR y su Cesionario, BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO ("BBVA"), sus sucesores y cesionarios, el pago de todos los plazos bajo el Contrato, más intereses y el cumplimiento de todos los términos y condiciones del Contrato por parte del COMPRADOR. El suscribiente se obliga a pagar a BBVA, sus sucesores y cesionarios, cuando fuese requerido para ello, la totalidad del balance pendiente de pago bajo el contrato, si en cualquier momento el COMPRADOR dejase de cumplir con alguna de sus obligaciones o condiciones bajo este Contrato, sin obligación alguna de parte de BBVA, sus sucesores y cesionarios,de proceder primeramente contra el COMPRADOR. La responsabilidad del suscribiente no se afectará por cualquier prórroga, transacción, indulgencia, arreglo o variación de las obligaciones incurridas por o con el COMPRADOR o cualquier otra persona interesada. Tampoco se afectará por la pérdida, avería o destrucción del Vehículo o por el traspaso o cesión de este Contrato; disponiéndose, sin embargo, que el suscribiente no estará obligado más de lo que viene obligado el COMPRADOR bajo los términos del mismo.

Por la presente, se renuncia al derecho de aviso de aceptación de esta garantía, de todo aviso, demanda o notificación de incumplimiento, aviso de la cantidad adeudada, protesto, requerimiento de pago, excusión y remedios posesorios y al derecho de trasladar cualquier acción judicial al Tribunal que primero adquiriese jurisdicción.

En _____, Puerto Rico, a _____ de _____ de _____

_____
Garantizador

_____
Testigo

_____
Dirección del Garantizador

_____
Dirección del Testigo

ACUERDO DE CESION Y REVENTA DEL VENDEDOR

A: BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO

Por el valor recibido, el que suscribe por la presente, CEDE, VENDE Y TRASPASA, a BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO ("BBVA"), sus sucesores y cesionarios, todo su título, derecho e interés en este Contrato de Venta al Por Menor a Plazos-Gravamen Mobiliario ( el "Contrato") y en los bienes que en él se describen. El que suscribe, representa y garantiza que no ha ocurrido evento alguno que haya podido afectar o modificar la validez y el cumplimiento de este Contrato en todas sus partes, de acuerdo con sus cláusulas, y que los bienes a que este Contrato se refieren,( los "Bienes") han sido objeto de ninguna reclamación o defensa por parte del COMPRADOR y están libres de todo gravamen, excepto el gravamen constituido por el Contrato; que los bienes fueron propiedad del suscribiente, hasta el momento en que se otorgó el Contrato, con derecho a venderlos y que el suscribiente tiene derecho absoluto para ceder, vender y traspasar el título al Contrato y que los Bienes fueron entregados al COMPRADOR y aceptados por este y se encuentran libres de defectos y en buen estado de uso; que la cantidad en efectivo mencionada en el Contrato como pronto pago del COMPRADOR le ha sido recibida y pagada por el COMPRADOR y que ninguna parte de dicho dinero fue suplido por el VENDEDOR o su agente, y que el VENDEDOR no retiene obligación diferida alguna del COMPRADOR o de agente que se refiere con esta compraventa; que las manifestaciones hechas en el Contrato son verdaderas y ciertas en todas sus partes. Además, el suscribiente representa y garantiza a BBVA que: (i) el Contrato cedido evidencia una compraventa bona fide del Vehículo y la persona (Identidad) del COMPRADOR que el mismo refleja correctamente todos sus términos, no es rescindible; es el único contrato otorgado sobre los Bienes y no ha sido enmendado ni modificado de manera alguna; (ii) el suscribiente al otorgar el Contrato es el verdadero adquirente del Vehículo (iii) en relación con el Contrato se ha cumplido las leyes aplicables y se han tomado todos los pasos necesarios para perfeccionar el gravamen sobre el Vehículo; (iv) el Contrato es una obligación del COMPRADOR; (v) el Contrato constituye una obligación válida y exigible del COMPRADOR y éste no tiene ninguna reclamación o defensa en contra del suscribiente por violación del Contrato. Cualquier reclamación que le aplicable, o por defectos en el Vehículo, que tiene un título limpio (excepto por el gravamen constituido por el Contrato) y libre sobre el Vehículo y no existe justificación o base alguna para una reclamación futura del COMPRADOR ni de su cesionario, en caso de que el suscribiente incumpla con cualquiera de las representaciones y garantías antes indicadas o si el Contrato se resuelve por ley o de otra forma. El suscribiente acuerda indemnizar y salvaguardar a BBVA de toda responsabilidad, demandas, reclamaciones, costas, gastos, desembolsos, honorarios de abogado en los cuales BBVA incurra por razón del incumplimiento del suscribiente de cualquiera de las representaciones o garantías mencionadas. BBVA podrá permitir modificaciones al Contrato o conceder extensiones en cuanto a los pagos adeudados bajo el mismo, sin que tal acción afecte la responsabilidad del suscribiente hacia BBVA y sin que sea necesario el consentimiento del suscribiente a tales modificaciones o extensiones. BBVA no tendrá que llevar acción contra el COMPRADOR antes de requerir al VENDEDOR que cumpla sus obligaciones bajo la presente cesión. Como condición esencial de esta cesión, el suscribiente representa y garantiza que cumplirá con todos los requisitos legales y contractuales, incluyendo venta, reparación, servicio y garantía, relacionados con los Bienes y que permanecerá siendo responsable por el cumplimiento de sus obligaciones con el COMPRADOR. En cualquiera de sus obligaciones, representaciones o garantías bajo o en relación con el Contrato, el suscribiente se obliga a readquirir el Contrato de BBVA, sus sucesores y cesionarios, en las mismas condiciones de la cesión original. El suscribiente, además, se compromete que a opción de BBVA, sus sucesores y cesionarios, inscribirá debidamente el Vehículo en el Registro para Vehículos de Motor y el Contrato y la correspondiente Declaración de Financiamiento y la cesión o traspaso de gravamen mobiliario a favor de BANCO BILBAO VIZCAYA ARGENTARIA PUERTO RICO en el registro apropiado o someterá a BBVA, sus sucesores y cesionarios, toda la documentación necesaria para inscribir el Vehículo y el Contrato dentro del término dispuesto por la ley, libre de cargas y gravámenes, con excepción de aquellos constituidos por el Contrato. El conocimiento por el cesionario en cualquier momento sobre cualquier incumplimiento de lo anterior no constituirá renuncia a al defensa contra cualquiera de las obligaciones del suscribiente como cedente.

El VENDEDOR reconoce que en caso de que surja un conflicto, controversia, o contradicción entre las enmiendas a este acuerdo de cesión y reventa y las disposiciones originales de dicho acuerdo contenidas en el Contrato de Venta al Por Menor a Plazos las mismas serán resueltas de conformidad con lo expuesto por la enmienda arriba transcrita.

☐ A. Sin recurso al cedente.

☐ B. Con recurso al cedente. En consideración a la compra de este Contrato por BBVA, sus sucesores y cesionarios, _____ el suscribiente se obliga incondicionalmente a garantizar solidariamente el pago puntual de todos los plazos especificados en el Contrato, más intereses, y se obliga a readquirir por compra, inmediatamente que fuese requerido para ello por BBVA, sus sucesores y cesionarios, este Contrato de Venta al Por Menor a Plazos, pagando el suscribiente la totalidad de la deuda pendiente de pago bajo el mismo, si en cualquier momento el COMPRADOR dejase de hacer efectivo a su vencimiento alguna de las condiciones y obligaciones bajo este Contrato, o si el mismo fuese rescindido por cualquier razón. La responsabilidad del suscribiente no será afectada por cualquier indulgencia, prórroga, transacción o variación en la obligación incurrida por o con el COMPRADOR o cualquier otra persona interesada y se renuncia expresamente al derecho de aviso de aceptación de esta garantía y a todo aviso, demanda o notificación de incumplimiento, protesto, requerimiento de pago, excusión y remedios posesorios.

☐ C. Con recurso limitado al cedente. En consideración a la compra de este Contrato por BBVA, sus sucesores y cesionarios, el suscribiente se obliga incondicionalmente a garantizar solidariamente el pago puntual de todos los plazos especificados en el Contrato, más intereses, y se obliga a readquirir por compra, inmediatamente que fuese requerido para ello por BBVA, sus sucesores y cesionarios, este Contrato de Venta al Por Menor a Plazos, pagando el suscribiente la totalidad de la deuda pendiente de pago bajo el mismo, si en cualquier momento el COMPRADOR dejase de hacer efectivo a su vencimiento alguna de las condiciones u obligaciones bajo este Contrato, o si el mismo fuese rescindido por cualquier razón dentro de los próximos _____ meses (pagos) desde la inscripción de este Contrato. La responsabilidad del suscribiente no será afectada por cualquier indulgencia, prórroga, transacción o variación en la obligación incurrida por o con el COMPRADOR o cualquier otra persona interesada y se renuncia expresamente al derecho de aviso de aceptación de esta garantía y a todo aviso, demanda o notificación de incumplimiento, protesto, requerimiento de pago, excusión y remedios posesorios.

☐ D. Con recurso limitado al cedente. En consideración a la compra de este Contrato por BBVA , sus sucesores y cesionarios, el suscribiente se obliga incondicionalmente a satisfacer a BBVA, sus sucesores y cesionarios, a requerimiento de éste, la suma de $_____ si en cualquier momento el COMPRADOR dejase de hacer efectivo a su vencimiento algunos de los pagos o condiciones establecidas en este Contrato, o si el mismo fuese rescindido por cualquier razón. La responsabilidad del suscribiente no será afectada por cualquier indulgencia, prórroga, transacción o variación en la obligación incurrida por o con el COMPRADOR o cualquier otra persona interesada y se renuncia expresamente al derecho de aviso de aceptación de esta garantía y a todo aviso, demanda o notificación de incumplimiento, protesto, requerimiento de pago, excusión y remedios posesorios.

En _____ Puerto Rico, hoy día ____ de _____ de _____

Nombre del Vendedor _____ CABRERA

Nombre del Vendedor _____ Titulo

Ley de Puerto Rico – Aviso al Cesionario

El cesionario que reciba cualquiera el presente Contrato al por menor a plazos o un pagaré relacionado con éste, quedará sujeto en igualdad de condiciones a cualquier reclamación o defensa que el Comprador pueda interponer en contra del Vendedor como consecuencia del Contrato. El cesionario del Contrato tendrá el derecho a presentar contra el Vendedor todos los reclamos y defensas que el Comprador pueda levantar contra el Vendedor de los artículos o servicios.

LEY FEDERAL

La Comisión Federal de Comercio requiere que se incluya el siguiente aviso, el cual no debe entenderse como una limitación a los derechos expuestos en el aviso anterior que requiere la ley estatal.

CUALQUIER TENEDOR DE ESTE CONTRATO DE CREDITO AL CONSUMIDOR ESTA SUJETO A TODAS LAS RECLAMACIONES Y DEFENSAS QUE EL DEUDOR PUDIERE ALEGAR EN CONTRA DEL VENDEDOR DE LOS BIENES Y SERVICIOS OBTENIDOS DE CONFORMIDAD CON EL MISMO O CON LOS REDITOS DE ESTE OBTENIDOS. EL RECOBRO POR EL DEUDOR BAJO ESTA CLAUSULA NO EXCEDERA DE LAS CANTIDADES SATISFECHAS POR EL DEUDOR BAJO ESTE CONTRATO.

VEASE AL DORSO PARA INFORMACION

# CERTIFICADO DE TITULO

## GOBIERNO DE PUERTO RICO
### DEPARTAMENTO DE TRANSPORTACION Y OBRAS PUBLICAS
### DIRECTORIA DE SERVICIOS AL CONDUCTOR

24may2011 08:33:27    0395-10633-4310-00000000

| NUMERO DE TITULO | FECHA DE EXPEDICION | NUMERO DE REGISTRO | FECHA DE REGISTRO |
|---|---|---|---|
| A 10069755 | 23may2011 | 10054532 | 16nov2010 |

| NUMERO DE SERIE (VIN) | MARCA | MODELO | AÑO | NUM. CILINDROS |
|---|---|---|---|---|
| 1D7RB1CT5AS232568 | DODGE | RAM 15 | 2010 | 8 |

| CAP. CARGA | PESO | NUEVO/USADO | TITULO ANTERIOR | ESTADO | ODOMETRO | COLOR |
|---|---|---|---|---|---|---|
| 1,000 | 500 | NUEVO | Cert Orig | MI | 10 | BLANCO |

**NOMBRE Y DIRECCION DEL DUEÑO REGISTRAL:**

Nombre: RODRIGUEZ RODRIGUEZ, AGUSTINA

Resid:
La Misma

Postal: REINA DE LOS ANGELES
Q 18 CALLE 10
GURABO, PR 00778

ESTE ES SU
TITULO DE PROPIEDAD
CONSERVELO EN
SITIO SEGURO.

**PRIMER GRAVAMEN (VENTA CONDICIONAL)**
BANCO BILBAO VIZCAYA ARGENTARIA

FECHA DIA-MES-AÑO
23may2011

**SEGUNDO GRAVAMEN (OTROS)**

**CANCELACION GRAVAMEN**

EL (LOS) ABAJO FIRMANTE (S) TENEDOR (ES) DEL GRAVAMEN SOBRE EL VEHICULO DE MOTOR DESCRITO ARRIBA CERTIFICAMOS QUE EL MISMO HA SIDO PAGADO (SI MAS DE UN GRAVAMEN DEBERAN APARECER DOS (2) FIRMAS)

PRIMER GRAVAMEN _____

SEGUNDO GRAVAMEN _____  FECHA _____  FIRMA AUTORIZADA _____

_____  FECHA _____  FIRMA AUTORIZADA _____

SECRETARIO DTOP
O REPRESENTANTE AUTORIZADO

NUMERO CONTROL
A-09947838

**NO ES VALIDO SI ES ALTERADO**

```
Label Matrix for local noticing         US Bankruptcy Court District of P.R.      AAA
0104-3                                                                              PO Box 70101
Case 11-05769-BKT13                                                                 San Juan, PR  00936-8101
District of Puerto Rico
Old San Juan
Mon Oct 17 10:19:07 AST 2011

AEE                                     American Infosource LP as agent for        BANCO BILBAO VIZCAYA ARGENTARIA
PO BOX 363508                           T Mobile/T-Mobile USA Inc
SAN JUAN, PR  00936-3508                PO Box 248848
                                        Oklahoma City, OK  73124-8848


BANCO POPULAR DE PUERTO RICO            CARIBE FINANCE                             CENTENNIAL DE PR
BANKRUPTCY DEPARTMENT                   PO BOX 35-200                              PO BOX 71514
PO BOX 366818                           MIAMI, FL  33135-8020                      SAN JUAN, PR  00936-8614
SAN JUAN PR 00936-6818


CHASE                                   CITIFINANCIAL                              CLARO
PO BOX 260180                           PO BOX 499                                 PO BOX 70366
BATON ROUGE, LA  70826-0180             HANOVER, MD  21076-0499                    SAN JUAN, PR  00936-8366


COMISION DE SERVICIO PUBLICO            DPTO DE TRANSPORTACION Y OBRAS PUBLICAS    FINGERHUT CORPORATION
PO BOX 190870                           BOX 41269                                  PO BOX 2900
SAN JUAN, PR  00919-0870                SAN JUAN, PR  00940-1269                   SAINT CLOUD, MN  56395-2900


GURA COOP                               Granite Recovery LLC                       INTERNAL REVENUE SERVICE
po box 678                              c/o Recovery Management Systems Corporat   PO BOX 7346
GURABO, PR 00778-0678                   25 SE 2nd Avenue Suite 1120                PHILADELPHIA, PA  19101-7346
                                        Miami FL 33131-1605


JC PENNEY                               LVNV FUNDING LLC                           MUEBLERIA BERRIOS
PO BOX 364788                           SEARS                                      PO BOX 674
SAN JUAN, PR  00936-4788                PO BOX 740281                              CIDRA, PR  00739-0674
                                        HOUSTON, TX 77274-0281


ORIENTAL BANK & TRUST                   PEP BOYS                                   PR ACQUISITIONS LLC
PO BOX 1952                             BANK ONE 1802                              250 MUNOZ RIVERA AVENUE SUITE 1200
HUMACAO, PR  00792-1952                 DAYTON, OH  45401-1802                     HATO REY PR 00918-1814


PR TELEPHONE COMPANY                    Portfolio Investments I LLC                SAM'S CLUB
PO BOX 71401                            c/o Recovery Management Systems Corporat   PO BOX 530942
SAN JUAN, PR  00936-8501                25 SE 2nd Avenue Suite 1120                ATLANTA, GA  30353-0942
                                        Miami FL 33131-1605


SAMS                                    SECURITY CREDIT SERV                       T-MOBILE
PO BOX 105980 DEPT 77                   CITIBANK                                   PO BOX 660252
ATLANTA, GA  30353-5980                 2653 W OXFORD LOOP                         DALLAS, TX  75266-0252
                                        OXFORD, MS 38655-5442
```

ALEJANDRO OLIVERAS RIVERA

ERICA PEREZ RODRIGUEZ
HC 50 BOX 23882
SAN LORENZO, PR 00754-9468

MIGUEL ANGEL RODRIGUEZ RODRIGUEZ
HC 50 BOX 23882
SAN LORENZO, PR 00754-9468

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901-1938

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 193677
SAN JUAN, PR 00919-3677