**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE<br>**MIGUEL A. RODRIGUEZ RODRIGUEZ**<br>**ERICA PEREZ RODRIGUEZ**<br>**Debtor(s)** | CASE NO: **11-05769-BKT**<br>CHAPTER 13 |

**TRUSTEE'S OPPOSITION TO DEBTORS' MOTION FOR ENTRY OF ORDER DKT.98**

**TO THE HONORABLE COURT:**

Comes now, Alejandro Oliveras Rivera, Chapter 13 Trustee, through the undersigned counsel, who most respectfully states and prays as follows:

1. Trustee filed a motion to dismiss for debtors' arrears of $335 with the monthly plan payments and their failure to pay into the plan the tax refunds received during the life of the plan, which was a provision of the confirmed plan. **Dkt.94**

2. Debtors filed a motion for authorization to retain the 2012 and 2014 tax refunds. As to the tax refunds, debtors alleged the following: **(a)** In 2012 they received $7,019.00 that were used to cure post-petition mortgage arrears of $4,227.00. **(b)** In 2013 they did not receive tax refunds and (c) In 2014 they received $4,227.00 used to purchase a vehicle for their oldest son, who was commencing college and for purchase of books, clothing and others. Dkt.98

3. For the reasons stated below trustee submits his

opposition to debtors' request:

(a) Debtors have failed to submit copy of their tax returns to trustee. Said returns were necessary to examine amount of tax refunds and amount of income reported each year.

(b) Debtors have failed to demonstrate that that the mortgage arrears mentioned were in fact paid with the tax refund. Moreover, even if in fact the post petition arrears were paid with the tax refunds, there was a remaining surplus in the tax refund of said year that should have been paid into the plan.

(c) Debtors have failed to amend Schedule B to include new vehicle purchased. Said vehicle is property of the estate under Section 1306. Moreover, debtors have not provided documentation regarding the purchase of the auto, nor evidence that it was bought with the tax refund of 2014.

(d) Debtors have not provided evidence of the purchase of college books, nor evidence that the books were purchased with the tax refund.

(e) Pursuant to Section 1325(b)(1)(B) of the Bankruptcy Code and applicable case law, In re Michaud, 399 B.R. 365 (Bankr.D.N.H.2008), and in our district, In re Padilla, 07-07495-ESL, tax refunds are disposable income in a chapter 13 case. Debtor voluntarily filed a chapter 13 case and thus, is bound by the terms of the confirmed plan and to the applicable statutes and case law.

(f) Debtor voluntarily filed this chapter 13 case and thus, is bound by the requirements of disposable income of Section 1325(b)(1)(B), as well as of the binding effect of the plan of Section 1327.

(g) As per the binding effect of debtor's confirmed plan and the provisions of Section 1327 of the Bankruptcy

Code and applicable jurisprudence, debtor is bound to bring into the plan the tax refunds received by her, for the benefit of their creditors.

(h) The importance of the binding effect of the plan cannot be understated. In the recent March 31, 2015 Opinion by the First Circuit Bankruptcy Appellate Panel, Case of *In re Diruzzo*, B.A.P. No. 14-051, the panel ruled in favor of the binding effect of the plan. While the issue in said case was not tax refunds, the court's pronouncements that the parties are bound by the terms of the plan extends to other matters, such as when a debtor proposes to pay into the plan the tax refunds.

(i) Debtors completely disregarded their obligation to pay the tax refunds into the plan, this viewed by the fact that four (4) years of the plan have transpired and never did debtors moved the court to request authorization to retain the tax refunds.

(j) The amounts received by debtors in tax refunds would have increased distribution to their unsecured creditors.

**WHEREFORE**, for the reasons stated above, it is respectfully requested from the Court to take knowledge of the foregoing opposition and consequently, deny debtors' motion filed at Docket 98.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all parties in this case registered for receipt of notice by

Trustee's Opposition…
Case No. 11-05769-BKT
Page 4 of 4

electronic mail. I further certify that the foregoing document has been served to the U.S. Trustee at ustregion21.hr.ecf@usdoj.gov and by depositing true and correct copies thereof in the United States Mail, postage prepaid, to the following non CM/ECF participants: debtor, at the mailing address of record.

In San Juan, Puerto Rico, this 22nd day of September, 2015.

**ALEJANDRO OLIVERAS RIVERA**
**CHAPTER 13 TRUSTEE**
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500  Fax 977-3521

By: **/s/MIRIAM SALWEN ACOSTA**
MIRIAM SALWEN ACOSTA
Staff Attorney
USDC-PR # 208910